(September 25, 2007)

■ Grace Mirabella et al., Appellants, v The Mount Sinai Hospital et al., Respondents. [842 NYS2d 17]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 24, 2006, which, in an action for medical malpractice, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment to the extent of finding that no malpractice was committed during the bariatric surgery performed on April 3, 2001, unanimously reversed, on the law, without costs, and such finding vacated.

After the April 3 operation, plaintiff suffered a leak of bowel contents into her abdomen, causing infection and pain and requiring a second operation to repair the leak, which was performed on April 5. Defendant surgeon testified at deposition that during the April 3 operation, he did not seem to have any problems with the disposable surgical staplers he used, that he visually observed that the staples were in place, and that he also performed a leak test using saline irrigation with blue dye that confirmed no leaking. The surgeon also testified that during the April 5 procedure, he observed that the staples were "closed and firm" on the antimesenteric side of the bowel, but that there were no staples at all on the mesenteric side, as there should have been. This caused the surgeon to conclude that there was a "misfiring of the stapler." Indeed, the surgeon also testified, such misfirings, while not common, were known to occur and were a matter of concern. The motion court, rejecting plaintiffs' argument that the surgeon effectively admitted that he did not check to make sure that the stapler had fired, and thus violated the standard of care, found that the visual inspection and blue-dye test satisfied the standard of care, and that there was no evidence that the staples were not fired, only that they did not properly close, an unavoidable risk of the surgery. This was error. Notwithstanding evidence of a history of misfirings and plaintiffs' allegation that defendants used defective surgical instruments, nowhere does defendants' expert's affirmation submitted in support of the motion discuss the responsibility of either defendant hospital or defendant surgeon to ensure against the possibility of stapler misfirings. Thus, defendants failed to satisfy their initial burden to make a prima facie showing of entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.